UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CRYSTAL FLACK**, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| **LOUIS DEJOY**, *Postmaster General and Chief Executive Officer of the United States Postal Service*, **and UNITED STATES POSTAL SERVICE,** | § § § § § | **EP-21-CV-00305-DCG** |
| | § | |
| *Defendants*. | § | |

### ORDER DISMISSING CASE FOR FAILURE
### TO TIMELY AND PROPERLY SERVE THE UNITED STATES

Plaintiff Crystal Flack brings this discrimination suit against the United States Postal Service ("USPS") and Louis DeJoy, the Postmaster General and CEO of USPS.[1] *See generally* Compl., ECF No. 1. Plaintiff filed her suit nearly one year ago on December 10, 2021. *Id.* To this day, Plaintiff has not properly served Defendants.

After filing her Complaint, Plaintiff quickly requested a waiver of service, but never filed a waiver with the Court. The Court assumes Defendants did not waive service, because, on February 7, 2022, Plaintiff requested issuance of summons, and the District Clerk issued summonses on the same day. ECF Nos. 3, 4.

On May 3, 2022, the Court issued an Order to Show Cause because Plaintiff had not yet filed proof of service, as required by Federal Rule of Civil Procedure 4(*l*)(1), and the deadline under Federal Rule of Civil Procedure 4(m) to serve Defendants passed on March 10, 2022—nearly two months before the Court issued the Order to Show Cause. 1st Order Show Cause,

---

[1] Plaintiff brings claims under Title VII, Section 1981, the Age Discrimination in Employment Act, and the Americans with Disabilities Act Amendments Act. Compl. ¶¶ 34–84.

ECF No. 5. Plaintiff responded to the Court's Order to Show Cause, explaining that she had served Defendants and that she would continue to prosecute her claim. 1st Resp., ECF No. 7.

Though Plaintiff may have attempted to serve Defendants, it appears that Plaintiff did not comply with Federal Rule of Civil Procedure 4(i) because Defendants filed two Rule 4 letters. 1st Rule 4 Letter, ECF No. 8; 2nd Rule 4 Letter, ECF No. 9. Despite those Rule 4 letters, Plaintiff did not immediately correct her errors in service. In fact, almost four months after Plaintiff said she would continue to prosecute her claim, 1st Resp. at 2, she had not yet taken any action in this case, so the Court issued a second Order to Show Cause. 2d Order Show Cause, ECF No. 10. In that Order, the Court required Plaintiff to perfect service by October 28, 2022 and warned that "failure . . . to serve Defendants *will* result in the dismissal of this action, without prejudice, against all Defendants." *Id.* at 2 (emphasis added).

Plaintiff responded to the Court's second Order to Show Cause, saying that she had perfected service on the Attorney General and the United States Attorney for the Western District of Texas, and that she would effectuate service on USPS by the October deadline. 2d Resp., ECF No. 11 at 1–2. Plaintiff then requested summons as to USPS, ECF No. 12, which the District Clerk issued, ECF No. 13.

A day before the October 28 deadline, Defendants filed another Rule 4 letter. 3d Rule 4 Letter, ECF No. 15. In that Rule 4 Letter, Defendants notified Plaintiff that her "attempted service on the United States Postal Service at the local Postal Service facility does not comply with Rule 4." *Id.* at 2. Plaintiff responded with her own advisory to the Court, arguing that she had in fact perfected service under Rule 4(i). Pl.'s Advisory, ECF No. 16. Plaintiff attached proof that she had served the Attorney General and the United States Attorney for the Western

District of Texas, Pl.'s Advisory Exs. B & C, but she did not at all address whether she had served Defendants DeJoy and USPS, *see generally* Pl.'s Advisory.

When a plaintiff sues a United States agency, officer, or employee in their official capacity, as Plaintiff does here, Rule 4(i) requires service on the United States by sending "a copy of the summons and of the complaint" to (1) "the United States attorney for the district where the action is brought" or "the civil-process clerk at the United States attorney's office"; (2) "the Attorney General of the United States at Washington, D.C."; and (3) "the agency, corporation, officer, or employee" the plaintiff is suing. FED. R. CIV. P. 4(i)(1)(A), (B); FED. R. CIV. P. 4(i)(2). While the Court "must allow a party reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2)," FED. R. CIV. P. 4(i)(4), that is not without limits, *Edwards v. Potter*, 57 F. App'x 844, 845–46 (10th Cir. 2003) (unpublished) (upholding dismissal for failure to properly serve under Rule 4(i) because district court gave the plaintiff multiple chances to correct service).

The Court has provided Plaintiff with over 200 days beyond the Rule 4(m) 90-day deadline to perfect service. FED. R. CIV. P. 4(m). Not only that, but the Court has issued two show cause orders directing Plaintiff to perfect service. 1st Order Show Cause; 2d Order Show Cause. Defendants, for their part, have issued three Rule 4 letters and an advisory—each identifying problems with Plaintiff's attempts to serve the United States. 1st Rule 4 Letter; 2d Rule 4 Letter; 3d Rule 4 Letter; Defs.' Advisory, ECF No. 14. The Court has thus provided Plaintiff with a reasonable opportunity to cure her failure to serve Defendants under Rule 4(i)(2). *Flory v. United States*, 79 F.3d 24, 25–26 (5th Cir. 1996) (per curiam) (holding that dismissal is proper when plaintiff fails to properly serve the United States, is given time to correct service, and still fails to correct the error); *Jaime v. Blinken*, EP-21-CV-00161-DCG, 2022 WL 1394549,

at *2–3 (W.D. Tex. May 2, 2022) (Guaderrama, J.) (dismissing case for failure to properly serve under Rule 4(i) after plaintiffs persistently failed to perfect service). Plaintiff has also not shown good cause for failure to properly serve the United States. FED. R. CIV. P. 4(m).

The Court thus **DISMISSES** Plaintiff Crystal Flack's claims against Defendants Louis DeJoy and United States Postal Service **WITHOUT PREJUDICE**.

The District Clerk shall **CLOSE** this case.

**So ORDERED and SIGNED this 3rd day of November 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**