IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CRYSTAL FLACK,<br>    *Plaintiff*, | §<br>§<br>§ | CIVIL ACTION NO.:<br>3:21-cv-00305-DCG |
| v. | §<br>§ | |
| LOUIS DEJOY,<br>POSTMASTER GENERAL and<br>UNITED STATES POSTAL SERVICE<br>    *Defendant*. | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

### PLAINTIFF'S MOTION TO RECONSIDER

NOW COMES, Plaintiff Crystal Flack, in the above-styled and numbered cause and file this Motion for Reconsideration of the Judgment requesting the court to reconsider its Judgment dismissing Plaintiff's Case for Failure to Properly Serve United States.

### I. SUMMARY OF THE ARGUMENT

On December 10, 2021, Plaintiff filed suit against Defendant asserting age discrimination, race discrimination, disability discrimination, hostile work environment and retaliation pursuant to Title VII of the Civil Rights Act of 1964. The defendant filed an advisory to the court, stating that the Plaintiff had not properly served the defendant. Plaintiff served her complaint to Attorney General Merrick Garland on January 13, 2022; Plaintiff served her complaint to the United States Attorney for the Western District on July 28, 2022; Plaintiff served her complaint to the United States Postal Service on October 18, 2022. We respectfully ask this Court to consider the Order rendering it's Order of Dismissal.

### II. STANDARD OF REVIEW

A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment," under Rule 59(e), or as a motion for "relief from a final judgment, order, or proceeding." Under Rule 60(b). Texas A&M Research Found. V. Magna Transp., Inc., 338 F.3d 394, 400 (5thCir. 2003). The rule under which the motion is considered is based on when the motion was filed. Id. If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59.

The grounds for granting a Rule 59(e) motion include (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear errors or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5thCir. 2002). This motion is filed to prevent manifest injustice.

## RECONSIDERATION

In the 5th Circuit, "courts generally assess whether a motion for reconsideration is proper based upon any one of the grounds stemming from Rule 59(e), which governs motions to alter or amend judgments." E.E.O.C. v. Hi-Line Elec. Co., 805 F. Supp. 2d 298, 303 (N.D. Tex. 2011). Accordingly, a motion for reconsideration may be granted based on: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." Id. (citing In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)).

Further, Plaintiff asserts that she will provide proper service to Defendant in the manner specified in this court's order and general protocol.

## CONCLUSION

The Court's dismissal was based upon Plaintiff not rectifying the dispute of proper service to Defendant. As Plaintiff has provided proper service, Plaintiff respectfully requests the Court to

abate the dismissal and grant this Motion to Reconsider.

                        Respectfully submitted,

                        [SIGNATURE BLOCK TO FOLLOW]



_____
Eddie Hodges, Jr.
Texas State Bar No.: 24116523
Southern District No.: 3479748
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No.: 713316
Alfonso.Kennard@kennardlaw.com
Kennard Law, PC
5120 Woodway Drive, Suite 10010
Houston, Texas 77056
Tel.: (713) 742-0900
Fax: (832) 558-9412
Eddie.Hodges@kennardlaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

   A true and correct copy of the foregoing was served on Defendant via the Court's CM/ECF system on December 1, 2022.

_____
Eddie Hodges, Jr.